# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSH THOMAS,                                    No. 2:16-cv-0228-JAM-CMK-P

    Petitioner,

  vs.                                          ORDER

GOVERNOR BROWN, et al.,

    Respondent.

_____/

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are several motions petitioner has filed, including a motion to appoint counsel (Doc. 17), a motion for discovery (Doc. 18) and a motion for sanctions (Doc. 23). Respondent's motion to dismiss (Doc. 19) is addressed by separate findings and recommendations.

First, as to petitioner's motion to appoint counsel, there currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be

1

served by the appointment of counsel. Petitioner's request will therefore be denied.

As to petitioner's motion for discovery, Rule 6 of the Rules Governing § 2254 provides that the court may, for good cause, allow discovery and may limit the extent of discovery allowed. See Rule 6(a). A party requesting discovery is required to provide reasons for the request, as well as to include with the request any proposed interrogatories, requests for admission, and specification of any requested documents. See Rule 6(b). Unlike civil litigants, a habeas petitioner is not presumptively entitled to discovery. See Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999). "Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" Id. at 1067 (quoting Calderon v. U.S.D.C. (Nicholaus), 98 F.3d 1102, 1106 (9th Cir. 1996)). "A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." Id. at 1068 (citing Bracy v. Gramley, 520 U.S. 899, 903-05 (1997)). "The availability of any discovery during a habeas proceeding is committed to the sound discretion of the district court." Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir. 1993)." Good cause may be shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

Here, the undersigned has issued findings and recommendations that this action be dismissed. As that determination was possible without the documents petitioner is requesting, relating to the Elderly Parole Program, no good cause for engaging in discovery can be found in this case at this time. This request will also be denied.

Finally, petitioner seeks sanctions against respondent and/or respondent's attorney for misleading the court and violating his First Amendment rights. Petitioner states that the proof of service attached to the respondent's motion to dismiss incorrectly states that the motion was sent in an envelope via mail. Instead, petitioner received the motion in a box from

the Litigation Coordinator and was sent via carrier not as legal mail. Petitioner argues this was perjury and violated the Constitution.

Respondent filed an opposition to the motion for sanctions. Respondent indicates that any error on the proof of service was inadvertent and not done in bad faith. Counsel states that the proof of service is the standard form used by the Office of Attorney General for service. However, when staff attempted to mail the motion and accompanying exhibits it did not fit in an envelope. Instead, staff placed the filing in a box and neglected to correct the proof of service. In addition, the package was sent to the Litigation Coordinator instead of directly to petitioner to ensure timely delivery.

Petitioner argues in reply that the opposition was inadequate because no evidence such as a declaration was submitted. He also contends that the motion to dismiss was untimely.

Whether the motion to dismiss was untimely or not does not weigh in to whether sanctions should be ordered. While petitioner is correct, that no declaration was submitted with the opposition, the court does not find any grounds on which to issue sanctions. The actions of counsel and staff at the Attorney General's office were perhaps negligent and careless, but there does not appear to be any bad faith nor has petitioner shown any prejudice. Petitioner received the motion to dismiss in time to file a timely opposition. The opposition to the motion to dismiss was received by the court and was considered.

Federal Rule of Civil Procedure 11 provides that if the attorney signs and files a pleading, motion or other paper (1) for an improper purpose, (2) which are frivolous, (3) are factually unsupported, or (4) contain denials of factual contentions that are not warranted, the court can issue sanctions. Here, there is no indication that anything was submitted to the court for an improper purpose. The document petitioner challenges was a proof of service, not a motion or other pleading, and was signed by staff not by counsel. Thus, Rule 11 sanctions are not appropriate. In addition, while the court has the inherent power to issue sanctions for an attorney or party acting in bad faith, the undersigned finds no bad faith in these circumstances.

While the proof of service has errors, as counsel freely admits, there is no indication that the Attorney General's office acted with any intention of interfering with petitioner's ability to oppose the motion to dismiss. The undersigned finds no bad faith upon which to grant the motion for sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for the appointment of counsel (Doc. 17) is denied;
2. Petitioner's a motion for discovery (Doc. 18) is denied; and
3. Petitioner's motion for sanctions (Doc. 23) is denied.

DATED: January 24, 2018

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE