IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSH THOMAS,

    Petitioner,

  vs.

GOVERNOR BROWN, et al.,

    Respondent.

                         /

No. 2:16-cv-0228-JAM-CMK-P

FINDINGS AND RECOMMENDATION

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 19) and petitioner's opposition thereto (Doc. 22).

**I.    BACKGROUND**

Petitioner is challenging a 2015 decision by the Board of Parole Hearings ("Board") denying petitioner parole under the Elderly Parole Program. In addition, petitioner apparently is challenging the conditions of his confinement in that the continued overcrowding of the prisons violates his Eighth and Fourteenth Amendment rights.

/ / /

/ / /

## II. MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Respondent brings this motion to dismiss petitioner's habeas corpus petition for failure to state a cognizable federal claim and for plaintiff's failure to exhaust his state court remedies.[1] Petitioner agues the motion to dismiss should be denied as the respondent is only challenging the procedural posture of his petition not the merits. In addition, petitioner contends he does state a cognizable federal claim, both relating to the denial of parole and the conditions of his confinement, and that the respondents waived an exhaustion defense.

---

[1] As discussed herein, the undersigned finds petitioner fails to state a cognizable federal habeas claim. A full discussion and determination of the exhaustion of state remedies is therefore unnecessary. However, as respondent argues, petitioner failed to raise the claim set forth in his federal habeas petition with the State courts. Petitioner does not contend otherwise; he argues the respondent waived an exhaustion defense by failing to appeal the Three-Judge Court decisions. Petitioner's contention is not persuasive. Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982). Thus, the petition in this case could also be dismissed as unexhausted.

In his petition, petitioner states he was convicted of second degree murder, in 1982 and was sentenced to 15 years to life (plus two years for use of a weapon). He brings this federal habeas petition on the grounds that the Board failed or refused to comply with the Coleman/Plata actions court orders. He argues the Coleman/Plata court orders require the State to put in place new parole proceedings so that inmates who are 60 years old or older and have served at least 25 years on their sentenced will be referred to the Board to determine suitability for and release on parole. (Pet. at 5). Petitioner argues the State failed to modify the parole determinations to comply withe the court order. Petitioner had a parole hearing in 2015, wherein the Board apparently denied him parole. Petitioner contends he met all of the criteria for release based on the Elderly Parole Program requirements. He is requesting this court "order the Board to provide Petitioner with a fair hearing under the Elderly Parole Program." (Pet. at 10).

The Coleman/Plata actions are consolidated civil rights class actions pending in the United States District Court for the Eastern and Northern Districts of California.[2] The Coleman class action concerns the constitutional adequacy of the mental health care provided to CDCR inmates and involves the class of seriously mentally ill persons in California prisons. The Plata class action concerns the constitutional adequacy of CDCR's inmate medical health care and involves the class of state prisoners with serious medical conditions. The Three-Judge Court presiding over these class actions has issued various orders related to prison overcrowding and has required the State of California to undertake prison population reduction measures.

Petitioner contends the Elderly Parole Program is not in compliance with the orders issued by the Coleman/Plata courts. In addition, it appears that petitioner is arguing that if the Board held a parole hearing that was in compliance, he would be granted parole. There are several defects in petitioner's contentions. First, as the respondent argues, petitioner fails to

---

[2] Plata v. Brown, No. CV 01-1351 JST, a class action pending in the Northern District, and Coleman v. Brown, No. 2:90cv0520 KJM DB, a class action pending in the Eastern District. The Plata and Coleman class actions have been consolidated

allege a violation of federal law. A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of a transgression of federal law binding on the state courts. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). "The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). Here, petitioner does not contend there has been a violation of a federal law or the Constitutional. Rather, he contends the State is not in compliance with a court order. There is nothing in the federal habeas statute to provide for relief based on a court ruling of any kind. Only a violation of the Constitution or federal law can serve as the basis for the court grating a state prisoner federal habeas relief. Petitioner fails to cite to any authority holding otherwise. His claim that the Board failed to comply with the court orders issued in the Coleman/Plata cases does not provide this court with habeas jurisdiction.

In addition, petitioner is requesting this court to order the respondent to hold a parole hearing that is in compliance with the Coleman/Plata case orders relating to the Elderly Parole Program. However, as such an order would not necessarily entitle petitioner to immediate release, the claims are non-cognizable on federal habeas. See Blair v. Martel, 645 F.3d 1151, 1157 (9th Cir. 2011) (claims that neither "necessarily imply the invalidity of a conviction" nor "necessarily spell speedier release" are not cognizable on federal habeas (citing Skinner v. Switzer, 131 S.Ct. 1289, 1298–99 & n.13 (2011))).

To the extent petitioner argues that the Coleman/Plata case orders create a liberty interest thereby giving this court jurisdiction to hear his petition, the undersigned disagrees. However, even if the court addressed the merits of the petition, the United States Supreme Court has determined "[t]here is no right under the Federal Constitution [for a state prisoner] to be conditionally released [on parole] before the expiration of a valid sentence." Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (per curiam) (citing Greenholtz v. Inmates of Neb. Penal and

Correctional Complex, 442 U.S. 1, 7 (1979)).  The Supreme Court determined that in cases challenging the denial of parole, the only issue subject to federal habeas review is whether the inmate received the procedural due process protections of notice and an opportunity to be heard. There is no other clearly established federal constitutional right in the context of parole. As petitioner does not allege he was denied notice and an opportunity to be heard, and the federal constitution requires nothing more in the parole context, the petition would be denied.

Finally, as to any claim petitioner is attempting to raise in his petition regarding the conditions of his confinement due to the overcrowding of the prisons, such a claim is not cognizable in a habeas action.  When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see also Skinner v. Switzer, 562 U.S. 521, 535-36, n.13 (2011) (stating that "when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus' and may be brought, if at all, under § 1983").  Any claim that does not necessarily shorten an inmate's incarceration, if successful, falls outside the scope of habeas jurisdiction.  See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011).  Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

Therefore, to the extent petitioner is challenging the overcrowded conditions, that claim falls outside the scope of habeas jurisdiction.

///

### III. CONCLUSION

Accordingly, the undersigned finds petitioner fails to state a cognizable federal habeas claim.

Based on the foregoing, the undersigned recommends respondent's motion to dismiss (Doc. 19) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 24, 2018

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE